| | |
|---|---|
| JENNI L. FARLEY, in her capacity as Trustee of the Jenni Farley 2015 Revocable Living Trust, <br><br> Plaintiffs, <br><br> v. <br><br> ROGER W. MATHEWS, JR., Individually and in his capacity as Trustee of The Mathews Family Round Pond Revocable Trust – 2009, <br><br> Defendant. | CASE NO. 1:24-CV-00358-JCN |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and District of Maine Local Rule 56(b), Defendant Roger W. Mathews, Jr., individually and in his capacity as Trustee of The Mathews Family Round Pond Revocable Trust- 2009 ("Defendant"), by and through his attorney, Judy A.S. Metcalf, hereby submits this Statement of Material Facts in Support of his Motion for Summary Judgment against Plaintiff Jenni L. Farley, in her capacity as Trustee of the Jenni Farley 2015 Revocable Living Trust ("Plaintiff") on her Complaint.

1. The Matthews Family Round Pond Revocable Trust – 2009 ("The Mathews Trust") owns real property in Steuben, Maine (the "Steuben Property"). *See* Complaint and Request for Jury Trial ("Complaint") attached hereto as **Exhibit A** at ¶ 7; *see also* Defendant's Answer to Complaint ("Answer") attached hereto as **Exhibit B** at ¶ 7.

2. At all times relevant to Plaintiff's Complaint, Defendant was the Trustee of The Mathews Trust. *See* Exhibit A at ¶ 2; *see also* Exhibit B at ¶ 2; *see also* Excerpt from Deposition

Transcript of Roger W. Matthews, Jr., dated May 15, 2025, attached hereto as **Exhibit C** at 9:15-17.

3. The Mathews Trust states that each beneficiary of The Mathews Trust shall be entitled to build a camp at an area on the Steuben Property designated by the Trustee but the real estate itself continues to be owned by The Mathews Trust. *See* Exhibit A at ¶ 8; *see also* Exhibit B at ¶ 8; *see also* Plaintiff's Response to Requests for Admissions attached hereto as **Exhibit D** at ¶ 1 and Exhibit A thereto at pgs. 1 and 3.

4. The Mathews Family Trust provides as follows:

> The beneficiaries shall be entitled during their lifetime or by will to transfer his or her beneficial ownership in the trust, provided, however, that said interest may only be transferred to a lineal descendent by blood or adoption. Transfer shall be completed upon signing and delivering a written transfer of ownership to the Trustees. *Any attempt to transfer the property to a non-lineal descendent shall be null and void and shall not be of any force and effect.*

*See* Exhibit D at ¶ 1 and Exhibit A thereto at p. 3 (emphasis added).

5. The Mathews Family Trust provides as follows:

> Each beneficiary shall be entitled to construct a "camp" at an area designated by the Trustee. The beneficiary shall be the sole owner of the camp and shall be responsible for all costs maintenance and taxes associated with the camp. The beneficiary shall be liable for any injuries or damages resulting from their use of their camp properties and shall hold the Trust and all other beneficiaries harmless therefrom. *Any camp can be sold, but unless it is sold to a beneficiary of the trust, it must be removed within six months from the date of sale or sold to the trust for 75% of its appraised value minus any share of costs owed by the owners of the camp to the trust.*

*See* Exhibit D at ¶ 1 and Exhibit A thereto at p. 3 (emphasis added).

6. The Matthews Trust designates the following individuals as beneficiaries of The Mathews Trust: Everett Mathews, Jr.; Elaine Wood; Deborah Poirier; Christa Mathews; Roger W.

Mathews, III; Carey Strout; Katherine Kershner; Roger W. Mathews, Jr.; and Everett Mathews, Sr. *See* Exhibit D at ¶ 1 and Exhibit A thereto at p.2.

7. Plaintiff was formerly married to Roger W. Mathews, III, and they were divorced pursuant to a Divorce Judgment issued by the Superior Court of New Jersey dated August 29, 2019 (the "Divorce Judgment"). *See* Exhibit A at ¶ 10; *see also* Exhibit B at ¶ 10.

8. During their marriage, Plaintiff and Roger W. Mathews III built a camp on the Steuben Property (the "Farley Property"). *See* Exhibit A at ¶ 9; *see also* Order on Cross-Motions for Summary Judgment, *Mathews v. Farley*, Maine Superior Court Docket No. WASSC-RE-2021-00007, at p. 7, a true and accurate copy of which is attached hereto as **Exhibit E**.

9. As part of the Divorce Judgment, Roger W. Mathews, III transferred all of his interest in the Farley Property to his two children in an arrangement whereby their interests would be held by the Jenni Farley 2015 Revocable Living Trust (the "Farley Trust"). *See* Exhibit A at ¶ 11; *see also* Exhibit B at ¶ 11.

10. On or about September 10, 2024, Plaintiff entered into an Installment Sale Agreement with Jennifer Mathews, whereby Plaintiff purported to agree to sell and Jennifer Mathews purported to agree to buy the Farley Property, defined as "the building and garage located on 263 Road Pond Road, Steuben Maine" but not the real property beneath it (the "Installment Sale Agreement"). *See* Excerpt of Deposition Transcript of Jennifer Mathews, dated March 11, 2025, attached hereto as **Exhibit F**, at 11:22-12:16 and Exhibit 1 thereto at Exhibit A.

11. The father of Jennifer Mathews is Everett Mathews, Jr. *See* Exhibit F at 13:6-7.

12. Everett Mathews, Jr. is a beneficiary of the Mathews Trust. *See* Exhibit D at ¶ 1 and Exhibit A thereto at p. 2; *see also* Exhibit F at 39:15-17.

13. Jennifer Mathews is not a beneficiary of the Mathews Trust. *See* Exhibit D at ¶ 3; *see also* Exhibit F at 39:23-40:21.

14. Jennifer Mathews is not a lineal descendent of Roger Mathews, III, or Roger Mathews, III's two children, Grayson and Melania. *See* Exhibit D at ¶ 8; *see also* Exhibit F at 38:10-19.

15. Everett Mathews, Jr. has not transferred his beneficial interest in the Mathews Trust to Jennifer Mathews. *See* Exhibit D at ¶ 4; *see also* Exhibit F at 39:23-40:21; *see also* Excerpt from Deposition Transcript of Joshua Goston, dated March 11, 2025, attached hereto as **Exhibit G** at 38:7-17.

16. In the Installment Sale Agreement, Jennifer Mathews, as the buyer, specifically represents that she "is a beneficiary under the Mathews Trust and presently has the right to own a 'camp' on the Real Estate in accordance with Section 5A of the Mathews Trust Agreement..." *See* Exhibit F at 11:22-12:16 and Exhibit 1 thereto at p. 4.

17. The Installment Sale Agreement does not state that Jennifer Mathews must remove the Farley Property from the Steuben Property within six months as specifically required by the express terms of the Trust because Jennifer Mathews is not a beneficiary of the Trust. *See* Exhibit D at ¶ 1 and Exhibit A thereto at p. 3; *see also* Exhibit F at 11:22-12:16 and Exhibit 1.

18. The Installment Sale Agreement specifically states that Jennifer Mathews "***shall not remove or demolish or alter the design or structural character of the Property***, unless Seller shall first consent thereto in writing..." *See* Exhibit F at 11:22-12:16 and Exhibit 1 thereto at p. 3 (emphasis added).

19. The Installment Sale Agreement also requires Jennifer Mathews to pay all costs, maintenance, real and personal property taxes for the Property. *See* Exhibit F at 11:22-12:16 and Exhibit 1 thereto at p. 3.

20. After Joshua Goston, the husband of Jennifer Mathews, informed Defendant of the Installment Sale Agreement and of his and his wife's intention to purchase the Farley Property, Defendant, as Trustee of the Mathews Trust, informed them that the proposed sale would violate the terms of the Mathews Trust. *See* Exhibit C at 17:7-18:14.

21. On or about September 13, 2024, Joshua Goston, the husband of Jennifer Mathews, texted Plaintiff that they wanted Plaintiff to "let us out of" the Installment Sale Agreement and return their deposit. *See* Exhibit G at 29:11-30:6.

22. The Farley Property is still owned by Plaintiff as Trustee of the Farley Trust. *See* Exhibit D at ¶ 9.

Dated at Brunswick, Maine, this 16th day of July, 2025.

Judy A.S. Metcalf
U.S. District Court Bar No. 1768
76 Union Street
Brunswick, Maine 04011
judy@judymetcalflaw.com
(207) 721-2200
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

I hereby certify that on July **16th**, 2025, I electronically filed Defendant Roger W. Mathews, Jr.'s Statement of Material Facts with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to all parties of record.

/s/ Judy A.S. Metcalf
_____
Judy A.S. Metcalf,
U.S. District Court Bar No. 1768
Judy Metcalf Law
(207) 721-2200
judy@judymetcalflaw.com