UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENNI L. FARLEY, in her capacity as Trustee of the Jenni Farley 2015 Revocable Living Trust, <br><br> Plaintiff <br><br> v. <br><br> ROGER W. MATHEWS, JR., Individually and in his capacity as Trustee of The Mathews Family Round Pond Revocable Trust – 2009, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CASE NO. |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

Jenni L. Farley, in her capacity as Trustee of the Jenni Farley 2015 Revocable Living Trust (referred to at times herein as "Plaintiff"), by and through her undersigned counsel, complains against Defendant Roger W. Mathews, Jr., both individually and in his capacity as Trustee of The Mathews Family Round Pond Revocable Trust – 2009 (referred to herein at times collectively as "Defendants") as follows:

**PARTIES**

1. Jenni L. Farley is the Trustee of the Jenni Farley 2015 Revocable Living Trust (the "Farley Trust"), a trust established under the laws of the State of New Jersey. Jenni L. Farley is a resident of the township of Holmdel, New Jersey.

2. Defendant Roger W. Mathews, Jr. is a resident of Cherryfield, Maine. At all times relevant to this Complaint, he was the Trustee of The Mathews Family Round Pond Revocable Trust-2009 ("the Mathews Trust").



## JURISDICTION

3. The Court has jurisdiction of this matter pursuant to Title 28 § 1332(a)(1), as the matter in controversy exceeds the sum of $75,000 and involves citizens of different states.

## FACTUAL BACKGROUND

4. Jenni L. Farley was formerly married to Roger W. Mathews, III; they were married on October 18, 2015.

5. During their marriage, Jenni Farley and Roger Mathews, III had two children.

6. Roger W. Mathews, III is a beneficiary of the Mathews Trust.

7. The Mathews Trust owns property in Steuben, Maine ("the Steuben Property".)

8. The Mathews Trust formation document provides in pertinent part that each beneficiary shall be entitled to build a home at an area on the Steuben Property designated by the Trustee.

9. During their marriage, Jenni Farley and Roger Mathews, III built a home on the Steuben Property, which over the years included buildings, improvements, furniture and fixtures ("the Farley Property.")

10. Jenni Farley and Roger Mathews, III were divorced pursuant to a Divorce Judgment issued by the Superior Court of New Jersey dated August 29, 2019.

11. As part of the Divorce Judgment, Roger Mathews, III transferred all of his interest in the Farley Property to his children in an arrangement whereby their interests would be held by the Farley Trust. At the time of the transfer, Roger Mathews III was a co-Trustee of the Mathews Trust.

12. The Divorce Judgment also provides that Jenni L. Farley has the right to make use of the Farley Property.

13. On or about September 10, 2024, Plaintiff entered into a certain Installment Sale Agreement with Jennifer Mathews to sell the Farley Property to Ms. Mathews for $500,000.

14. Pursuant to the terms of the Installment Sale Agreement, Jennifer Mathews was provided immediate access and use of the Farley Property.

15. Roger W. Mathews, Jr., both individually and in his capacity as Trustee of the Mathews Trust, deliberately and intentionally undertook steps to intimidate Jennifer Mathews with the intention of causing her to back out of the contract.

16. These steps included, but were not limited to, blocking Jennifer Mathews' access to the property with a red backhoe loader, a truck, and two large birch tree logs. (Photographs depicting the backhoe, truck and logs are attached as Exhibit A.)

17. In addition, Jennifer Mathews' husband has advised Jenni Farley that, "After multiple threats and harassment my wife is afraid to even step foot on the property, and it has been made clear to us that even if we can fight our way in there we will not be allowed quiet enjoyment of this property."

18. As a direct and proximate result of Roger W. Mathews, Jr. and the Mathews Trust's unceasing campaign of harassment, Jennifer Mathews has advised that she will not honor her obligations under the Installment Sale Agreement.

**COUNT I**
**TORTIOUS INTERFERENCE WITH CONTRACT**
**(Plaintiff v. Roger W. Mathews, Jr. individually and**
**in his capacity as Trustee of the Mathews Trust)**

19. Plaintiff repeats and realleges each and every allegation of Paragraphs 1-18 of the Complaint as if fully set forth herein.

20. Defendant's actions constitute a tortious interference with contract. Specifically Defendant, through acts of intimidation as set forth above caused Jennifer Mathews to breach the Installment Sale Agreement.

21. Defendant Roger W. Mathews, Jr., both individually and in his capacity as Trustee of the Mathews Trust, acted with a deliberate and malicious intent to cause harm to the Plaintiff and prevent the sale of the Farley Property, such that an award of punitive damages is merited.

WHEREFORE, Plaintiff prays for damages according to proof, for an award of punitive damages, for her costs of suit incurred herein and for such other and further relief as the Court deems appropriate in the circumstances.

## COUNT II
## BREACH OF FIDUCIARY DUTY
**(Plaintiff v. Roger W. Mathews, Jr. in his capacity as Trustee of the Mathews Trust)**

22. Plaintiff repeats and realleges each and every allegation of Paragraphs 1-18 of the Complaint as if fully set forth herein.

23. Plaintiff is a beneficiary of the Mathews Trust.

24. Roger W. Mathews, Jr. in his capacity as Trustee of the Mathews Trust, owes to Plaintiff fiduciary obligations.

25. Roger W. Mathews, Jr., in his capacity as Trustee of the Mathews Trust, breached his fiduciary duties to Plaintiff by prohibiting Plaintiff from enjoying the rights and benefits the Jenni Farley 2015 Revocable Living Trust is entitled to as beneficiary.

26. As a direct and proximate result of Roger W. Mathews, Jr.'s breach of his fiduciary duties, Plaintiff has been harmed.

27. Defendant Roger W. Mathews, Jr., in his capacity as Trustee of the Mathews Trust, acted with a deliberate and malicious intent to cause harm to the Plaintiff and prevent the sale of the Farley Property, such that an award of punitive damages is merited.

WHEREFORE, Plaintiff prays for damages according to proof, for an award of punitive damages, for her costs of suit incurred herein, for an award of attorney's fees pursuant to 18-B M.R.S. § 1004 and for such other and further relief as the Court deems appropriate in the circumstances.

PLAINTIFF REQUESTS A JURY TRIAL.

Dated: October 25, 2024

/s/ Lee H. Bals
Lee H. Bals, ME Bar #3412

Attorney for Plaintiff

MARCUS|CLEGG
16 Middle Street, Unit 501
Portland, ME 04101
(207) 828-8000
lhb@marcusclegg.com



