UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENNI L. FARLEY, in her capacity as Trustee of the Jenni Farley 2015 Revocable Living Trust,<br><br>Plaintiff,<br><br>v.<br><br>ROGER W. MATHEWS, JR., Individually and in his capacity as Trustee of The Mathews Family Round Pond Revocable Trust – 2009,<br><br>Defendant. | CASE NO. 1:24-CV-00358-JCN |

**DEFENDANT'S ANSWER TO COMPLAINT**

NOW COMES Roger W. Mathews, Jr., individually and in his capacity as Trustee of The Mathews Family Round Pond Revocable Trust - 2009 (the "Defendant"), by and through his attorney, Judy A.S. Metcalf, and responds to the Plaintiff's Complaint and Request for Jury Trial (the "Complaint") as follows:

**PARTIES**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and, therefore, denies the same.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION**

3. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in Paragraph 3 of the Complaint.

**FACTUAL BACKGROUND**

EXHIBIT
DSOMF-B

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and, therefore, denies the same

5. Admitted.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, therefore, denies the same.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and, therefore, denies the same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and, therefore, denies the same.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that he parked the red backhoe loader and truck and placed the logs as depicted in the photographs attached as Exhibit A to the Complaint to secure the property but denies that this action was to "block[] Jennifer Mathews' access to the property" as alleged in Paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

## COUNT I
## TORTIOUS INTERFERENCE WITH CONTRACT

19. Defendant incorporates his responses to Paragraphs 1 through 18 of the Complaint as though expressly repeated herein.

20. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in Paragraph 21 of the Complaint.

## COUNT II
## BREACH OF FIDUCIARY DUTY

22. Defendant incorporates his responses to Paragraphs 1 through 21 of the Complaint as though expressly repeated herein.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations

contained in Paragraph 26 of the Complaint.

27. The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

### **Affirmative Defenses**

1. Plaintiff's claims must fail, in whole or in part, for failure to state a cause of action for which relief can be granted.

2. Plaintiff's claims must fail, in whole or in part, because Jennifer Mathews is a not a lineal descendent of Jenni Farley and Roger Mathews, III's two children and, therefore, the Farley Property cannot be lawfully sold or transferred to Jennifer Mathews because such sale or transfer would violate the terms of the Mathews Trust.

3. Plaintiff's claims must fail, in whole or in part, because Jennifer Mathew's husband is not a lineal descendent of Jenni Farley and Roger Mathews, III's two children and, therefore, the Farley Property cannot be lawfully sold or transferred to him because such sale or transfer would violate the terms of the Mathews Trust.

4. Plaintiff's claim must fail, in whole or in part, because Plaintiff has suffered no damages and still owns the Farley Property.

5. Plaintiff's claims must fail, in whole or in part, because they are premature and Plaintiff has not suffered any harm.

6. Plaintiff's claims must fail, in whole or in part, for her failure to mitigate damages.

7. Plaintiff's claims must fail, in whole or in part, due to collateral estoppel.

8. Plaintiff's claims must fail, in whole or in part, due to res judicata.

9. Plaintiff's claims must fail, in whole or in part, due to unclean hands.

10. Plaintiff's claim for punitive damages must fail because they are not merited.

11. Plaintiff's claims must fail due to lack of jurisdiction because the amount in controversy does not exceed $75,000.

12. Plaintiff's claim for attorney's fees pursuant to 18-B M.R.S. § 1004 must fail because Plaintiff has suffered no harm, her claims are premature, and her claims do not involve the "administration of a trust."

13. Defendant reserves the right to amend his Answer to add additional defenses as such amendments may become necessary after a reasonable opportunity to conduct and evaluate discovery and to research Plaintiff's allegations, claims, and causes of action.

Dated at Brunswick, Maine, this ___14th___ day of November, 2024.

Defendant Roger W. Mathews, Jr., individually and in his capacity as Trustee of The Mathews Family Round Pond Revocable Trust – 2009

/s/ *Judy A. S. Metcalf*

Judy A.S. Metcalf
U.S. District Court Bar No. 1768
judy@judymetcalflaw.com
Judy Metcalf Law
76 Union Street
Brunswick, ME 04011
(207) 721-2200