UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENNI L. FARLEY, in her capacity as Trustee of the Jenni Farley 2015 Revocable Living Trust, <br><br> Plaintiff <br><br> v. <br><br> ROGER W. MATHEWS, JR., Individually and in his capacity as Trustee of The Mathews Family Round Pond Revocable Trust – 2009, <br><br> Defendant | CASE NO. 1:24-cv-00358-JCN |

PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSIONS

Plaintiff Jenni L. Farley responds to Defendant's Requests for Admissions as follows:

1. Attached hereto as Exhibit A is a true and accurate copy of The Mathews Trust.

RESPONSE: Admitted.

2. The father of Jennifer Mathews is Everett Mathews, Jr.

RESPONSE: Admitted.

3. Jennifer Mathews is not a current beneficiary of The Mathews Trust.

RESPONSE: Admitted that Ms. Mathews is not a current beneficiary but qualified by stating she is eligible to become a beneficiary because she is a lineal descendant of Evertt Mathews, Jr.

4. Everett Mathews, Jr. has not transferred his beneficial interest in The Mathews Trust to Jennifer Mathews.



RESPONSE: Admitted that Ms. Mathews has testified that there has not been a transfer of Everett Mathews, Jr.'s beneficial interest, but qualified by stating that Ms. Mathews is eligible to become a beneficiary because she is a lineal descendent of Everett Mathews Jr.

5. Everett Mathews, Jr. has not signed and delivery a written transfer of his beneficial interest in The Mathews Trust to the Trustee of The Mathews Trust.

RESPONSE: Plaintiff is not in possession of information as to whether there was a signed and delivered written transfer.

6. Joshua Goston is not a lineal descendent by blood or by adoption of any current beneficiary of The Mathews Trust.

RESPONSE: Admitted.

7. Joshua Goston is not a lineal descendent of Jenni Farley and Roger Mathews, III's two children.

RESPONSE: Admitted.

8. Jennifer Mathews is not a lineal descendent of Jenni Farley and Roger Mathews, III's two children.

RESPONSE: Admitted.

9. The Farley Property is still owned by Plaintiff as Trustee of the Jenni Farley 2015 Revocable Living Trust.

RESPONSE: Assuming the "Farley Property" is as defined in Plaintiff's Compliant, Plaintiff admits that title is still in the name of Plaintiff as Trustee for the Jenni Farley Revocable Trust. Plaintiff qualifies this response, however, by noting that Plaintiff has entered into an

Installment Agreement which contemplates a transfer of title to the Farley Property to Jennifer Mathews.

Dated: May 21, 2025

/s/Lee H. Bals
Lee H. Bals, ME Bar No. 3412

Attorney for Plaintiff

MARCUS|CLEGG
16 Middle Street, Unit 501
Portland, ME 04101
lhb@marcusclegg.com
(207) 828-8000

## CERTIFICATE OF SERVICE

I, Lee H. Bals, hereby certify that I am over eighteen years old and caused a true and correct copy of the above document to be served upon counsel for the Defendant via e-mail as indicated on May 21, 2025.

/s/ Lee H. Bals
Lee H. Bals

Attorney Judy A.S. Metcalf
Judy Metcalf Law
76 Union Street
Brunswick, Maine 04011
judy@judymetcalflaw.com



# The Mathews Family Round Pond Revocable Trust - 2009

Roger W. Mathews, Jr. and Everett E. Mathews, Sr. both of Cherryfield, Washington County, Maine (hereinafter as donor of the trust referred to as "Donor") and Roger W. Mathews, Jr. and Everett E. Mathews, Sr. (hereinafter as Trustees of the Trust, together with their successors in Trust referred to as the "Trustees") hereby declare that she holds the sum of Ten Dollars ($10.00) in trust, for the purposes and subject to the provisions hereinafter set forth.

The Trustees hereby acknowledge that they have received said property in trust and declare that they will hold, manage and invest the same, together with any other property which may hereafter be transferred to the trust by gift or otherwise from the Donor or anyone else and accepted by them as Trustees, and after paying or making provision for all expenses of the trust, including reasonable compensation for their services, will dispose of the trust property and the net income therefrom as hereinafter provided.

1. Name of Trust. This trust shall be known as The Mathews Family Round Pond Revocable Trust - 2009

2. Purpose. In the event the trust includes certain real property at Round Pond, Steuben, Maine, Trustees are specifically instructed that the principal objective and purpose of this trust is the preservation, retention and access to said real property for the benefit of Donor's children and their families. For purposes of this trust, Carrie Strout shall be treated as a child of Roger W. Mathews, Jr., and her heirs as his heirs.

It is expected that there may be, from time to time, insufficient income from other trust sources to cover the expenses of the Round Pond, Steuben, Maine property or properties. Consequently, each beneficiary will be expected to contribute his or her share of the expenses as requested. In addition to the conventional Trustees powers listed below, the Trustees shall also calculate, allocate and collect reasonable assessments at those times and in those amounts deemed proper in the method described below. Those expenses shall include, but not be limited to, utilities, real property taxes, insurance, repairs and maintenance, and capital improvements. Trustees shall not be expected to incur any personal expenses in the discharge of their duties hereunder. Donor desires that each beneficiary, to the extent feasible, have an opportunity

to use the trust property. Trustee shall propose by August 1st of each year a proposed budget and allocation of said costs between the beneficiaries. Said notice shall also schedule a vote on said budget and allocation of use and of costs, which vote shall occur no earlier than fifteen (15) days after said notice is published. The vote may be done at a meeting of the beneficiaries, by telephone or by internet in any manner which reasonably gives each beneficiary an opportunity to vote. Each beneficiary shall be given a vote equal to his or her beneficial interest. A parent of a beneficiary under the age of eighteen may vote in behalf of said child. The budget and apportionment shall be approved by holders of at least fifty-one (51%) interest in the trust. The Trustees shall mail to the beneficiaries the apportionment of the expenses no later than November 1st of each year, which dues shall be immediately due and payable.

3. Beneficiaries. The beneficiaries of the trust shall be in the following persons in the following proportions:

| | |
|---|---|
| Everett Mathews, Jr. | 1/9th |
| Elaine Wood | 1/9th |
| Deborah Poirier | 1/9th |
| Christa Mathews | 1/9th |
| Roger W. Mathews, III | 1/9th |
| Carey Strout | 1/9th |
| Katherine Kershner | 1/9th |
| Roger W. Mathews, Jr. | 1/9th |
| Everett Mathews, Sr. | 1/9th |

4. Rule Against Perpetuities. This trust shall end, unless sooner terminated under any provisions hereof, twenty-one (21) years after the death of the last surviving issue of the beneficiaries now in existence, whereupon the trust shall be distributed free of all trust to the persons entitled to a share thereof, and in the proportions which they are entitled.

5. Duties of the Trustees. During the period of the trust the Trustees shall collect and pay taxes, contract for maintenance and upkeep of the property, schedule use of the property by the beneficiaries, adopt regulations for that use, and take all other actions necessary so that the property can be enjoyed by the beneficiaries. The Trustees shall also invest and hold solely monies to help pay for the expenses associated to the property.

A. Each beneficiary shall be entitled to construct a "camp" at an area designated by the Trustee. The beneficiary shall be the sole owner of the camp and shall be responsible for all costs maintenance and taxes associated with the camp. The beneficiary shall be liable for any injuries or damages resulting from their use of their camp properties and shall hold the Trust and all other beneficiaries harmless therefrom. Any camp can be sold, but unless it is sold to a beneficiary of the trust, it must be removed within six months from the date of sale or sold to the trust for 75% of its appraised value minus any share of costs owed by the owners of the camp to the trust.

B. Each beneficiary shall be entitled to the use of the boat landing near the "main camp" (being the camp formerly of Roger W. Mathews, Sr., now of Everett Mathews, Jr.)

6. Transfer of Ownership. The beneficiaries shall be entitled during their lifetime or by will to transfer his or her beneficial ownership in the trust, provided, however, that said interest may only be transferred to a lineal descendant by blood or adoption. Transfer shall be completed upon signing and delivering a written transfer of ownership to the Trustees. Any attempt to transfer the property to a non-lineal descendant shall be null and void and shall not be of any force and effect.

7. Apportionment of Costs. The Trustees shall apportion the costs for real estate taxes, legal fees, and such other costs as agreed upon by the beneficiaries of at least Fifty-One percent (51%) of the ownership of said Trust.

Statements of apportionment of costs shall be sent no later than October 1st of each year and shall be immediately due and payable.

8. Default. If after six months after presentment of appointment of costs any beneficiary shall fail to pay his or her share the Trustees shall send an additional statement. If payment is not paid within thirty (30) days of presentment of the mailing of the second statement, the Trustees shall charge interest on the outstanding balance at a rate of 1½% per month.

If said beneficiary remains in default of payment one year after the initial notice of appointment of costs, the Trustees shall send by certified mail, restricted delivery, return receipt requested, a notice of termination of interest. In that notice of termination

of interest the Trustees shall notify the beneficiary of the outstanding balances due, including outstanding interest. The notice of termination shall contain the following paragraph prominently displayed:

> WARNING: FAILURE TO PAY THE ABOVE BALANCE WITHIN THIRTY (30) DAYS OF RECEIPT OF THIS NOTICE SHALL CAUSE YOUR BENEFICIAL OWNERSHIP IN THE MATHEWS FAMILY ROUND POND REVOCABLE TRUST - 2009 TO BE TERMINATED.

If the beneficiary fails to make payment within the thirty day period provided in the notice of termination, then the Trustees shall terminate the interest on the records of the trust, which interest will be divided among the other beneficiaries of the trust in accordance with the beneficiaries' ownership.

If notice of termination cannot be mailed as afore stated because the beneficiaries address is unknown after due diligence on the part of the Trustees, then the Trustees are authorized to publish said notice of termination in a paper of general circulation in Washington County for two successive weeks, whereupon said notice shall be deemed to have been delivered, and shall authorize the termination of the interest of the beneficiary as aforesaid.

9. <u>Spendthrift Provisions</u>. The interest of any beneficiary in this trust shall not be subject to assignment, alienation, pledge, attachment, or claims of creditors.

10. <u>Accounting by Trustees</u>. The Trustees shall render to the beneficiaries of this trust a statement of account of receipts and disbursements at least annually. The Trustees shall not be required to make any reports to any court at any time for any purpose.

11. <u>Resignation of Trustee</u>. Any Trustee may resign from this trust at any time, by giving sixty (60) days written notice prior to such resignation, by ordinary mail to the beneficiaries then entitled thereto.

12. <u>Co-Trustee and Successor Trustee</u>. If any of the original Trustees named herein shall die or cease to act in his or her capacity then the remaining Trustee shall have the right to appoint a Trustee to serve jointly with him. If any vacancy of the Trustee occurs those holding a majority of interest in the trust shall have the right to appoint a successor Trustee, but they cannot reach such agreement

as to a particular Trustee or Trustees, or they refuse to name a successor Trustees or Trustees, then the Trustee or Trustees shall be appointed by a court of competent jurisdiction upon the petition of any persons interested in the trust.

13. Compensation of Trustees. A Trustees shall serve without compensation, except that the Trustees shall be reimbursed for reasonable expenses incurred in the administration of this trust, including but not limited to all travel costs associated with his or her duties.

14. Bond of Trustees. Any power, right or discretion granted to the Trustees may be exercised by them without posting any bond, and without an order form or approval of any court and without any notice or consent of anyone.

15. Minor Beneficiaries. If any beneficiary of this trust is under 18 years of age, then the parent(s) or legal guardian of said minor shall receive all notices and shall be responsible for all obligations of said ownership and shall enjoy any benefits of the trust in the name of the beneficiary. Failure of said parent(s) or legal guardian to make payment as aforesaid shall cause a termination of the minor child's beneficial ownership, not withstanding that said beneficiary is a minor.

16. Revocability. The terms and conditions of this Trust is revocable and may be altered and amended and/or terminated upon the written consent of the holders of Ninety(90%) percent of the beneficial ownership of the trust. Donors retain the right to alter or amend or terminate this trust. At the death of the first Donor the surviving Donor shall have no rights to revoke or amend this Trust.

17. Termination. Unless terminated sooner, this Trust shall terminate upon the death of the last of the children of the beneficiaries named above. Upon the death of the said child, the Trustees shall have the property appraised by a licensed appraiser. The Trustees shall then offer the property for sale to the beneficiaries at its appraised price. If more than one beneficiary seeks to purchase the entire interest then the Trustees shall determine which beneficiary or beneficiaries shall be entitled to purchase said property by any method of chance. If no beneficiary wishes to purchase the property, the property shall be sold and the proceeds after taxes divided to the beneficiaries in proportion to their ownership.

18. Powers. In extension and not in limitation of any common law or statutory power, the Trustees shall have and may exercise at any time or times, without license of court or notice to or consent of anyone, all of the powers granted to Trustees pursuant to 18-B §§814-816, including, but not limited to the following powers, authorities and discretions, which shall continue after the termination of the trust for the purpose of distributing the trust estate:

   a. To retain, purchase and invest in any property, regardless of its character, its quality and the principal of diversification or any other principle applicable to investments of fiduciaries, including without limitation any and all property received by them by gift or otherwise from the Donor or anyone else and any shares, participations, or other interests in a common trust fund or a mutual fund; to hold unproductive property, including without limitation un-invested cash; to make contracts and covenants, to sell, exchange,

   b. To lease, mortgage, pledge or grant easements over or options with respect to any property, to determine the terms and manner of doing so and to execute and deliver all appropriate instruments connected therewith, whether or not the effect thereof extends beyond the termination of the trust; to maintain, repair, improve, develop, subdivide, partition, change or alter any property; to impose, amend or remove restrictions on the transfer of any property; to employ agents, custodians, investment counsel and attorneys, and to pay them reasonable compensation in addition to that of the Trustees; to pay, resist, compromise or submit to arbitration any claim or matter in dispute; to vote, give proxies and exercise other rights of a holder of securities; to open bank accounts with the right n any one (1) or more of them to make withdrawals therefrom; to hold property in the name of a nominee or in any other form not indicating any fiduciary relationship; to make distributions in cash or in kind or in both and conclusively determine all values; to keep the whole or any part of the trust property in any jurisdiction; to make payments of income or principal directly to the Donor, regardless of her legal status, or to her guardian, or to apply the same for her benefit, any such payment or application to be a complete discharge to the Trustees to the extent of the amount so paid or applied without any receipt.

19. <u>Documentation</u>. With respect to the terms of this instrument, the existence and terms of any amendments hereto, the termination of the trust hereunder and the identity, decision and actions of the Donor and the Trustees, all persons may rely conclusively (I) on the facts stated in a certificate signed by a Trustee, and (ii) with respect to any real estate held by the Trustees, on the records of the appropriate office in which instruments affecting said real estate are recorded.

20. <u>Terms</u>. The validity, interpretation, construction and administration of the trust hereby created shall in all respects be governed by the laws of Maine. As used herein, the term "Trustees" means, wherever the context so permits, the Trustees for the time being, whether original or successor, whether or not there is more than one Trustee; the term "guardian" means a legally appointed guardian or conservator; and the term "property" means any property, whether real, personal or mixed. Where the context so permits, each of the masculine, feminine and neuter genders shall be deemed to denote the other two genders, the singular to denote the plural and the plural to denote the singular.

Executed this 2nd day of September, 2009.

_____
Roger W. Mathews, Jr.
Donor and Trustee

_____
Everett E. Mathews, Sr.
Donor and Trustee

STATE OF MAINE
WASHINGTON, ss.

September 2, 2009

Then personally appeared the above-named Roger W. Mathews, Jr., and acknowledged the foregoing instrument to be their free act and deed.

Before me,

_____
Notary Public
Jeffrey Lovit

JEFFREY LOVIT - ATTORNEY AT LAW - MILBRIDGE, MAINE 04658

Page 7 of 7