UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENNI L. FARLEY, in her capacity as Trustee of the Jenni Farley 2015 Revocable Living Trust, <br><br> Plaintiff <br><br> v. <br><br> ROGER W. MATHEWS, JR., Individually and in his capacity as Trustee of The Mathews Family Round Pond Revocable Trust – 2009, <br><br> Defendant | CASE NO. 1:24-cv-00358-JCN |

**PLAINTIFF'S FINAL PRETRIAL MEMORANDUM**

Plaintiff Jenni L. Farley ("Ms. Farley"), through her undersigned counsel, submits the following Pretrial Memorandum.

**I.   FACTUAL STATEMENT OF PLAINTIFF'S CLAIM**

Ms. Farley was formerly married to Roger W. Mathews, III, the son of Defendant Roger W. Mathews, Jr. They were divorced pursuant to a Divorce Judgment issued by the Superior Court in New Jersey dated August 29, 2019.

Defendant Mathews is currently the sole Trustee of the Mathews Family Round Pond Revocable Trust ("the Mathews Trust".) The Mathews Trust owns real property in Steuben, Maine.

During their marriage, Ms. Farley and Roger W. Mathews, III, a beneficiary of the Mathews Trust, built a camp on the Steuben Property ("the Farley Property"). As part of the Divorce Judgment, Roger W. Mathews III transferred all of his interest in the Farley Property to his two children from his marriage to Ms. Farley, in an arrangement whereby their interests

would be held by the Jenni Farley 2015 Revocable Living Trust.  Ms. Farley is the Trustee of the Jenni Farley 2015 Revocable Trust.

Jennifer Mathews is the daughter of Everett Mathews, Jr.  Everett Mathews, Jr. is a beneficiary of the Mathews Trust.

Jennifer Mathews and her husband Joshua Goston ("Josh") had contacted Ms. Farley about the potential of purchasing the Farley Property.  They did so having been encouraged by Ms. Mathews' father to make such an inquiry.

Ms. Farley promptly responded by telling Josh that this was something that could be discussed.  Jennifer and Josh went to look at the property in August 2024 and decided this was an opportunity they wanted to pursue.  Thereafter, Ms. Farley and Jennifer Mathews entered into an Installment Sale Agreement for the property.

After the contract was executed, Josh contacted Defendant Mathews because he had some of his belongings on the property.  Defendant Mathews was angry when he learned of the Installment Sale Agreement, telling Josh on the phone that the contract was an "illegitimate sale", operating under the erroneous belief that the Mathews Trust prohibited transfer of the Farley Property to Jennifer Mathews.

There was a plan for Defendant Mathews to meet Jennifer and Josh on the following Saturday, at which meeting Defendant Mathews was to have presented paperwork "to prove the sale wasn't legit."  From this point, things became progressively worse with respect to Jennifer and Josh's efforts to purchase the property.

Roger Mathews III, called Jennifer's father and accused Jennifer and Josh of being "shady" and "underhanded."  Jennifer and Josh then tried contacting Defendant Mathews, who told them he would not let this go and was "willing to fight this."

Defendant Mathews told Jennifer that he would take whoever he had to to Court to ensure the contract couldn't be performed. Thereafter, Defendant Mathews would call Jennifer and Josh every day. Jennifer, who was pregnant at the time, has testified, "I never felt as stressed out as I felt that week, in my life."

When Jennifer's mother went to look at the Farley Property in advance of cleaning it, she found and reported that Defendant Mathews had barricaded the entrance to the property with a truck, a tractor and felled trees.

When Jennifer saw the photos of the barricade taken by her mother, she found Defendant Mathews' actions so "aggressive" and "intimidating" that she made the decision to not honor the contract with Ms. Farley.

## II. ITEMIZED STATEMENT OF DAMAGES

- Contract Damages

    - Total purchase price: $500,000

    - Less first payment: $20,000

    - Base contract damages: **$480,000.00**

    - Pre-default contract interest: $1,386.67
    (Interest from 09/10/2024 to 11/1/2024; 2% for 52 days)

    - Post-default contract interest: $48,066.67
    (Interest from 11/01/2024 – date of default to 03/31/2026; interest at 7% for 515 days)

    - Taxes and utilities (subject to calculation)

    - Total contract damages: **$529,453.34**
    (not factoring taxes; utilities)

- Punitive damages to be determined by jury.

- Attorney fees pursuant to Title 18-B M.R.S.A. § 1004, to be determined by Court.

### III. CONTROVERTED POINTS OF LAW

Ms. Farley has asserted two theories of recovery in her Complaint: Count I is a cause of action for Tortious Interference with Contract and Count II is a cause of action for Breach of Fiduciary Duty.

In its Order on Motion for Summary Judgment, the Court rejected Defendant's arguments that the Installment Sale Agreement was legally ineffective, that Ms. Farley was not entitled to claim damages and that the breach of fiduciary duty claim fails as a matter of law.

Ms. Farley anticipates a dispute as to whether, if she is successful in proving her breach of fiduciary duty claim, she is entitled to an award of attorney's fees pursuant to 18-B M.R.S.A. § 1004. ("In a judicial proceeding involving the administration of trust, the Court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy.")

### IV. PROPOSED STIPULATIONS

Plaintiff is prepared to stipulate to the admission of copies in lieu of original documents.

### V. WITNESSES

Jenni L. Farley
Holmdel, New Jersey

Jennifer Mathews
228 Wilson Street
Brewer, ME 04412

Joshua Goston
228 Wilson Street
Brewer, ME 04412

Roger W. Mathews, Jr.
P.O. Box 198
Cherryfield, ME 04622

Roger W. Mathews, III
574 Lloyd Road
Toms River, NJ 08753

Brendan T. Barry, Esq.
Marcus Clegg
16 Middle Street, Unit 501
Portland, ME 04101

Plaintiff reserves the right to add additional witnesses with reasonable notice to the Court and Defendant's counsel.

**VI.　LIST OF DOCUMENTS**

1. Installment Sale Agreement

2. Photograph of Defendant's truck blocking driveway

3. Photograph of Defendant's tractor in front of Plaintiff's home with felled birch trees

4. Email from Brendan Barry, Esq. to Joshua Goston dated 09/06/2024

5. Email chain between Brendan Barry, Esq. and Joshua Goston dated 09/06/2024

6. Email chain between Brendan Barry, Esq. and Joshua Goston dated 09/10/2024

7. Email chain from Joshua Goston to Brendan Barry dated 09/10/2024

8. Email chain from Joshua Goston to Brendan Barry dated 09/10/2024

9. Email from Walter Foster, Esq. to Brendan Barry, Esq. dated 10/02/2024

10. Email from Walter Foster, Esq. to Brendan Barry, Esq. dated 10/11/2024

11. Christa Clarkson text message

12. Video of Roger Mathews, Jr. threatening Jenni Farley

13. Email from Joshua Goston to Jenni Farley dated 08/20/2024

14. Mathews Family Round Pond Revocable Trust – 2009

15. Jenni Farley 2015 Revocable Living Trust

Plaintiff reserves the right to add additional exhibits with reasonable notice to the Court and opposing counsel.

Dated: January 2, 2026

/s/Lee H. Bals
Lee H. Bals, ME Bar No. 3412

Attorney for Plaintiff

MARCUS|CLEGG
16 Middle Street, Unit 501
Portland, ME 04101
lhb@marcusclegg.com
(207) 828-8000

# CERTIFICATE OF SERVICE

      I, Lee H. Bals, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document to be served electronically on the parties receiving service in this case through the Court's CM/ECF electronic filing system on January 2, 2026.

                                                 /s/ Lee H. Bals
                                                 Lee H. Bals